**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 20 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANH BI LEE, also known as Anh Bi Le, | No. 08-35500 |
| Petitioner - Appellant, | D.C. No. 2:06-cv-01666-JCC |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted January 15, 2010**
Seattle, Washington

Before: TASHIMA and TALLMAN, Circuit Judges, and MARSHALL,***
District Judge.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously finds this case suitable for decision without
oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Consuelo B. Marshall, Senior United States District
Judge for the Central District of California, sitting by designation.

Anh Bi Le ("Le"), a federal prisoner, appeals the district court's denial of his 28 U.S.C. § 2255 motion alleging ineffective assistance of counsel during the plea bargaining process. We have jurisdiction pursuant to 28 U.S.C. §§ 1291, 2253, and 2255, and we affirm.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984), sets forth the two-part standard for evaluating claims of ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). If a defendant fails to meet either prong of the test, the claim of ineffective assistance must be denied. *Strickland*, 466 U.S. at 700. First, a defendant must show that, considering the totality of the circumstances, counsel's performance fell below an objective standard of reasonableness. *Id.* at 687–88. This can be accomplished by a defendant's identification of acts or omissions that are not the result of reasonable professional judgment. *Id.* at 690. Second, the defendant must affirmatively prove prejudice by showing that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 693. Additionally, there remains a strong presumption that counsel's conduct falls within the range of reasonable professional assistance. *Id.* at 689.

In *Gonzalez v. United States*, 33 F.3d 1047, 1048 (9th Cir. 1994), we considered whether the defendant's counsel was ineffective because counsel did

2

not request a qualified interpreter's presence to assist in court proceedings. After stating that the *Strickland* test applied, we found that "Gonzalez . . . failed to demonstrate that [his counsel] was ineffective with respect to recognizing Gonzalez's language difficulties." *Id.* at 1051. The record evidenced that counsel would not have been aware of Gonzalez's claimed inability to understand English, and that Gonzalez did not claim that he misunderstood the charges against him, only the length of his sentence. *Id.* We said that "[g]iven the totality of the circumstances, [counsel]'s assistance with respect to Gonzalez's language difficulty was reasonable." *Id.*

The same holds true in the instant case. Le has pointed to no evidence indicating that his attorney, Robert Goldsmith, should have known about his difficulty understanding the English language. Le spoke English in his meetings with Goldsmith, corresponded in English through written letters to Goldsmith and motions to the court, and never evinced a lack of understanding to either the court or Goldsmith. Furthermore, at the evidentiary hearing, Le could not identify any information he should have known when trying to decide between accepting the guilty plea or going to trial, and he failed show that the evidence used against him was not fully explained prior to trial. Finally, Goldsmith brought an interpreter to the final plea negotiations, without a request from Le, to ensure that Le could fully

3

understand the government's offer.  In light of "all the circumstances," we hold

that Goldsmith provided objectively reasonable assistance.  *Strickland*, 466 U.S. at

688.

**AFFIRMED.**